USDC SDNY
DOCUMENT ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 2/21/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

DISTRICT COUNCIL NO. 9
INTERNATIONAL UNION OF
PAINTERS AND ALLIED TRADES,
A.F.L.-C.I.O.,

          Petitioner,

-against-

HIGHLAND GLASS & METAL, INC.,

          Respondent.

-----------------------------------------------------------x

1:18-cv-3017 (ALC)

**OPINION & ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

District Council No. 9 International Union of Painters and Allied Trades, A.F.L.-C.I.O., (hereinafter, "Petitioner") petitioned this Court to confirm an arbitration award rendered against Highland Glass & Metal, Inc. (hereinafter, "Respondent").

## PROCEDURAL HISTORY

On April 5, 2018, Petitioner filed a Complaint requesting that the Court confirm an arbitration award rendered against Respondent by the Union's Joint Trade Board on September 20, 2017. ECF No. 1 ("Petition"). On June 25, 2018, after receiving no response from Petitioner or Respondent, the Court ordered Petitioner to either file for a certificate of default or show cause as to why the case should not be dismissed for failure to prosecute. ECF No. 7. On July 6, 2018 Petitioner obtained a Clerk's Certificate of Default. ECF No. 10. On July 23, 2018, due to inactivity, the Court once again ordered Petitioner to show cause as to why the case should not

be dismissed for failure to prosecute. ECF No. 11. On August 27, 2018, Petitioner filed a Motion for Summary Judgment Seeking to Confirm an Arbitration Award along with a supporting Memorandum of Law as well as affidavits and declarations. ECF Nos. 12-16. On the same date, the Court ordered Respondent to show cause as to why Petitioner's Motion should not be deemed as unopposed. ECF No. 20. To date, Respondent has yet to appear or respond to this action. As such, the Court construes Petitioner's Motion as an unopposed Motion for Summary Judgment. After careful consideration, Petitioner's Motion for Summary Judgment is hereby **GRANTED**.

## BACKGROUND

Petitioner is a labor organization that represents industry employees. Petition, ¶ 5. Respondent is an employer that employs workers of said industry. *Id.*, ¶ 7. Both parties are subject to a trade agreement (hereinafter, the "Agreement") that covers certain employees. *Id.*, ¶ 9; *see* ECF No. 13-2, ART. XIII ("CBA"). This dispute stems from Petitioner's allegations of four violations of the Agreement by Respondent. *See id.*

Petitioner's allegations include Respondent's (i) failure to register a job and hiring of one non-Union employee on the job on August 4, 2017 in violation of Article XIII Section 11 Violation 2, (ii) failure to register an overtime permit with two non-Union employees on the job on August 5, 2017, in violation of Article XIII Section 11 Violation 4, (iii) failure to register a job and the hiring of two non-Union employees on the job on August 11, 2017, August 14, 2017, August 15, 2017, August 18, 2017, August 25, 2017, August 28, 2017 and August 29, 2017, in violation of Article XIII Section 11 Violation 2, and (iv) failure to pay wages and/or fringe benefits on August 11, 2017, in violation of Article XIII Section 11 Violation 9. *Id.*, ¶ 10.

2

Pursuant to the Agreement, disputes are to be resolved by arbitration before the Union's Joint Trade Board ("JTB"). *See* CBA. In accordance with the grievance procedure outlined in the Agreement, an arbitration hearing was held on September 20, 2017 in front of the JTB. ECF No. 1, Ex. A ("Award"); ECF No. 14, ¶ 5. Petitioner was present. *See* Award. Respondent was absent. *Id*. Following the arbitration hearing, the JTB rendered a written award ("Award") in Petitioners' favor. *Id*; *see* Award.

Consistent with Petitioner's allegations, the JTB found Respondent "guilty" for each violation of the Agreement alleged by Petitioner.[1] The arbitrator ordered Respondent to pay $73,500.00 in fines ($70,000 for registration and hiring violations, and $3,500 for discrimination against a job steward). *Id*.

On April 23, 2018, Petitioner filed this action to confirm their arbitration award and filed an affidavit of service. *See* Petition; ECF No. 6. Respondents have not, to date, filed a response. Petitioner has not received any amount owed pursuant to the Award. Petition, ¶ 18. Accordingly, Petitioner requests $73,500.00, as well as reasonable attorney's fees and the costs and disbursements of this action, along with any other relief the Court may deem just, proper, or equitable. *Id*.

## LEGAL STANDARD

The district courts of the United States have jurisdiction to confirm labor arbitration awards pursuant to the Labor Management Relations Act ("LMRA"). 19 U.S.C. § 185; *see Harry*

---

[1] (i) failure to register a job and hiring of one non-Union employee on the job on August 4, 2017 in violation of Article XIII Section 11 Violation 2, (ii) failure to register an overtime permit with two non-Union employees on the job on August 5, 2017, in violation of Article XIII Section 11 Violation 4, (iii) failure to register a job and the hiring of two non-Union employees on the job on August 11, 2017, August 14, 2017, August 15, 2017, August 18, 2017, August 25, 2017, August 28, 2017 and August 29, 2017, in violation of Article XIII Section 11 Violation 2, and (iv) failure to pay wages and/or fringe benefits on August 11, 2017, in violation of Article XIII Section 11 Violation 9. *See* Award.

3

*Hoffman Printing, Inc. v. Graphic Communications, Int'l Union, Local 261*, 912 F.2d 608, 612 (2d Cir. 1990). "[T]he confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984). In general, an arbitrator's decision is given "substantial deference," and an arbitrator must simply provide a "colorable justification" for the outcome reached. *Yusuf Ahmed Alghanim & Sons v. Toy "R" Us, Inc.*, 126 F.3d 15, 23 (2d Cir. 1997) (citing *In re Marine Pollution Serv., Inc.*, 857 F.2d 91, 94 (2d Cir. 1988)). Moreover, absent an order vacating, modifying, or correcting the award, the district court "must grant" the award. 9 U.S.C. § 9. In situations where the respondent fails to file any opposition, "a petition to confirm an arbitration award is treated as akin to an unopposed motion for summary judgment." *Amaprop Ltd. V. Indiabulls Financial Services Ltd.*, 2011 WL 4344437, at 3* (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006)) (internal quotations omitted).

## DISCUSSION

Here, Respondent has failed to respond to the current action, at any stage. Respondent was not present for the JTB hearing. *See* Award. Respondent did not respond to the Complaint. *See* ECF Nos. 1-21. Respondent did not respond to the Order to Show Cause issued by the Court *Id.* Nor did Respondent respond to Petitioner's Motion for Summary Judgment. *Id.* At no point has Respondent contested or made any objections to the Award or the Petition. *Id.* Thus, there is no indication that any justification exists for vacating, modifying, or correcting the Award. Without any indication as to why the Award should not be made a judgment of the court, this Court grants substantial deference to the decision of the JTB. Accordingly, the Award is confirmed.

## CONCLUSION

For the reasons set forth above, Petitioner's Motion for Summary Judgment Seeking to Confirm an Arbitration Award is hereby **GRANTED**. The Clerk of Court is respectfully directed to enter judgment in favor of Petitioner and against Respondent in the amount of $73,500.00.

Petitioner is hereby **ORDERED** to submit to the Court, in writing, a motion for attorney's fees on or before March 21, 2019. Petitioner is directed to serve Respondent with a copy of this order and to retain proof of service.

**SO ORDERED.**

Dated: February 21, 2019
      New York, New York

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**